## No. 11,761.

GASCHE *v.* LINCOLN MINES AND REDUCTION CO., ET AL.

Decided March 19, 1928.

Action on money demand.   Judgment for defendants.

*Affirmed.*

1.  APPEAL AND ERROR—*Fact Findings.* Fact findings of the trial court based on conflicting evidence will not be disturbed on review.

2.  ATTACHMENT—*Dissolution.* In an action involving attachment proceedings, judgment being for defendants and against the plaintiff, an attachment levied at the instance of the latter on defendants' property was rightly dissolved.

*Error to the District Court of El Paso County, Hon. Arthur Cornforth, Judge.*

Mr. E. B. UPTON, Mr. G. F. WALTER, for plaintiff in error.

Mr. J. E. LITTLE, Mr. HILDRETH FROST, for defendants in error.

*Department Two.*

MR. JUSTICE ADAMS delivered the opinion of the court.

GASCHE was plaintiff and The Lincoln Mines and Reduction Company was defendant in the trial court. They will be so referred to hereafter unless otherwise designated. Plaintiff sued defendant on money demands, stated in four counts, and procured an attachment on the property of the company. The defendant filed an answer and cross-complaint. After the action was commenced, The Ironclad Hill Mining and Development Company succeeded to the rights of the Lincoln company by mesne assignments, and on an uncontested motion the Ironclad company was substituted as party defendant. The Ironclad company adopted the pleadings of the Lincoln company, and for the purposes of this case, the litigants have treated the rights and liabilities of the Ironclad company as identical with those of its predecessor in interest, the Lincoln company.

On trial without a jury, the court passed on all claims and counterclaims, the net result of which was a judgment in favor of the Ironclad company against plaintiff for the sum of $2,391.14. The attachment was dissolved. Errors and cross-errors are assigned. Plaintiff asks for a review because he did not prevail, and for the reason that the court failed to sustain the attachment. The Ironclad company is dissatisfied because it claims that its judgment against plaintiff is not large enough.

Gasche was the inventor and patentee of an ore concentration process. By contract dated December 15, 1917, between plaintiff and the Lincoln company, the company acquired the exclusive rights to the process for the Cripple Creek district. The company maintained offices in Chicago and at Cripple Creek, Colorado. It employed plaintiff as general manager, in local charge at Cripple Creek. Plaintiff was also a director of the company for a short time. The business failed; the company became heavily involved financially; plaintiff was discharged and this action followed.

Plaintiff's several causes of action are as follows:

First, for salary for the month of January, 1921. The defenses were that no services were performed; that plaintiff agreed that he should receive no compensation after January 1, 1921, except out of the profits, if any, which might arise out of the Gasche mill; that the mill was not started; there were no profits and so no salary was due. The court allowed plaintiff's claim.

The second cause of action was for a balance claimed for traveling expenses incurred by plaintiff for himself and his son as assistant, from Cripple Creek to Chicago and return in December, 1920. Plaintiff had advanced to himself out of company funds a portion of the expenses. Defendant claimed that the expense was unauthorized; that the trip of plaintiff and his son was on their Christmas vacation, and not on company business; that it was made against the expressed wishes of Dunnebacke, the president of the company, and that there was no directors' meeting calling plaintiff and his son to Chicago at the time. The findings were for defendant.

Plaintiff's third claim was for moneys advanced by him for supplies and wages. Defendant claims that plaintiff had more than the amount in company funds not accounted for to pay the claim. Findings for plaintiff.

Plaintiff's fourth cause of action was for salary of plaintiff's son as assistant general manager for the month of January, 1921. The claim was assigned to plaintiff. The defenses were, no services rendered, that plaintiff's son had overdrawn his account and was indebted to the company, and that like his father, he was not to receive any compensation after January 1, 1921, except from the profits of a certain mill; that the mill was not started; that there were no profits, and so no salary due. Findings for defendant.

The Lincoln company's first cross-complaint against plaintiff was for alleged wasteful and fraudulent expenditure of company funds during the year 1920; that plaintiff drew his salary for the entire year after he knew

that his ore concentration process was a failure; that if he had disclosed the truth, the mill would have been shut down; that plaintiff made the expenditures with the deliberate purpose to wreck the company, for all of which defendant claims damages. The findings were against defendant.

The Lincoln company's second cross-complaint was for recovery on two notes and an open account. Plaintiff asserts that the claims were compromised and settled, but defendant contends that cancellation was obtained by fraudulent representations of plaintiff after he became a director, and that he thereby procured the indebtedness to be written off the company's books, and that plaintiff wrongfully used his position as a director to procure an unauthorized satisfaction of his debt to the company. The court permitted defendant to recover on the notes, but found for plaintiff on the open account.

The transcript comprises two large volumes with 948 folios. The abstract contains over 200 pages. In practical effect, it relates to six controversies, four under the complaint and two under the cross-complaint. The disputed events took place in 1920 and 1921, and some of the evidence goes back to 1917. The action was commenced in May, 1925, and trial commenced the following December. Counsel inform us that it took over a week to try the case.

1. In comparing the pleadings and evidence with the findings and judgment, one cannot but be impressed with the facts that the major task of the trial judge consisted in dissociating irrelevant matters, assorting the relevant, and deciding upon the credence and relative value to be placed on the mass of oral and documentary evidence. With this immense labor accomplished, it is apparent that he did not find, nor do we find, any intricate or seriously disputed questions of law to be solved. The determination of the facts decided the case. Much feeling was manifested by the litigants; it has flamed anew and warmed the cold type of the record and briefs in the

reviewing court, but the exact and discriminative findings on each cause of action clearly indicated that the acerbity of the disputants did not prevent the learned trial court from pronouncing a calm and dispassionate judgment. The memories of the witnesses sometimes failed them, but we have no doubt that this was due in part at least to the long time that elapsed between the dates of actual occurrences and the time that the witnesses endeavored to relate them on the stand. For instance, on plaintiff's second cause of action, he testified that he and his son made their trip to Chicago in December, 1920, at the request of a certain vice president of the Lincoln company, to go over company business matters with the president and vice president, but it developed on cross-examination, and was shown by Lincoln company directors' minutes, that the officers whom the witness named, had been relieved of their official duties over a month before, at a directors' meeting which was attended by the witness himself. On the other side of the case, and referring to defendant's answer to plaintiff's first cause of action for his salary for the month of January, 1921, it was shown that although the Lincoln company was then in a precarious condition, plaintiff was its general manager, performed labor at an agreed compensation, and was discharged by a letter of the company to him dated January 29, 1921, which he shortly thereafter received, and that he was forbidden to sign checks for his salary or for anything else after that date. The court held that he was entitled to his salary to that time, or the end of January. On plaintiff's fourth cause of action for his son's salary, which claim had been assigned to plaintiff, it was shown that his son drew some of his salary in advance, and that he had made other advancements to himself out of Lincoln company funds in excess of his compensation, so that he had no valid claim to be assigned. On the Lincoln company's first cross-complaint for alleged wasteful and extravagant expenditures, the evidence was conflicting, as it

was also on many determinative features throughout the case. As to the alleged compromise, plaintiff's defense to defendant's second cause of action, there were debatable questions of corporate authority under the peculiar circumstances of the particular case, also as to what items were included in the compromise, and also plaintiff's alleged misrepresentations that induced the settlement. We might multiply other illustrations from the record, but these are enough.

We have not overlooked the arguments for and against the above and other propositions, seriously and earnestly urged by able counsel who severally represent the respective litigants, but our answer to it all may be compacted in our almost daily repetition of the rule that findings on conflicting evidence will not be disturbed. In fact, it is true, as counsel say, as to much of the material evidence, there was no conflict. As to it all, we think the trial court rightly construed it, and correctly applied the law.

2. Concerning the attachment sued out by plaintiff: When the trial court summarized the respective claims and counterclaims and obtained the net result therefrom that defendant was not indebted to plaintiff on contract, express or implied, but found on the contrary that plaintiff owed defendant, and directed judgment accordingly—when this was done—the attachment theretofore issued was rightly dissolved.

In consideration of the above, we regard it as wholly unprofitable to engage in a discussion of authorities cited that we consider inapplicable to the matter before us, and that however viewed, would not change the result.

Judgment affirmed.

MR. CHIEF JUSTICE DENISON, MR. JUSTICE BUTLER and MR. JUSTICE CAMPBELL concur.